IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dennis J. Hunkler,                              :

        Petitioner          :     Civil Action 2:13-mc-00040

v.                                              :     Judge Watson

United States of America, *et al.*,             :     Magistrate Judge Abel

        Respondent          :

**Report and Recommendation**

This matter is before the Magistrate Judge on petitioner Dennis J. Hunkler's November 19, 2013 petition to quash the Internal Revenue Service's third party summons (doc. 1).  The United States' unopposed March 11, 2014 motion for leave to file a sur-reply to petitioner's objection (doc. 10) is GRANTED.

<u>Background</u>. On November 6, 2013, Revenue Agent Timothy O'Boyle of the Internal Revenue Service ("IRS") issued an IRS summons to Huntington National Bank to appear on December 6, 2013 to give testimony and produce for examination records relative to the financial transactions of Dennis J. Hunkler. Hunkler seeks to quash that summons arguing that (1) the IRS failed to timely notify him of the summons as required 26 U.S.C. § 7609(a)(1); (2) the IRS failed to provide advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution was pending in violation of 26 U.S.C. § 7602(d)(2)(A); (4) the IRS

failed to act in good faith as required by *United States v. Powell*, 379 U.S. 48 (1964); (5) and the IRS will violate banking laws and his right to privacy in causing his records to be turned over to the IRS.

Arguments of the Parties. The United States argues that this Court should deny the petition on its merits because petitioner has not met his burden of proof. Under *United States v. Powell*, 379 U.S. 48 (1964), the United States must show that the investigation is conducted pursuant to a legitimate purpose, that the information sought is not already within the IRS's possession, and that the required administrative steps have been followed. The United States maintains that it is not seeking enforcement of the underlying summons. As a result, it does not have to establish a *Powell prima facie* case, and the burden shifts to the petitioner to establish a valid defense to the summons.

In the alternative, the United States also argues that it has established the four factors required by *United States v. Powell*. The IRS is conducting an examination to determine the correct federal income tax liabilities of petitioner for the 2008 and 2010 income tax periods and to determine if Hunkler committed any violation of the internal revenue law in connection with those taxable years. The information sought from Huntington National Bank may be relevant to determining Hunkler's correct income and tax liabilities for the taxable years under investigation, and this information is not already in the possession of the IRS. Finally, the United States maintains that the IRS has

followed all of the steps required by the Internal Revenue Code for the issuance of the summons.

The United States argues that petitioner has failed to meet his burden of proof to demonstrate substantial facts showing that the enforcement of the summons would be an abuse of the court's process. The United States maintains that the notice was timely filed under 26 U.S.C. § 7609(a)(1). Petitioner was provided with notice that third parties would be contacted when Revenue Agent O'Boyle mailed him Letter 3164-C Publication 1 and Notice 609 on January 28, 2013. Petitioner's argument that the summons was issued while a referral for criminal prosecution to the Department of Justice is pending is without merit because there is no Department of Justice referral in effect for the 2008 and 2010 income tax years. The United States further argues that petitioner has not suffered a violation of any legally cognizable privacy or constitutional right related to the summons enforcement proceedings.

The United States further argues that this Court lacks subject matter jurisdiction because Hunkler failed to comply with 26 U.S.C. § 7609(b)(2)(B). The United States maintains that petitioner has failed to show that he served a copy of the petition upon the summoned party, Huntington National Bank, by registered or certified mail within twenty days of the notice of the summons as required, making the petition subject to dismissal for lack of subject matter jurisdiction. The United States maintains that the Court should dismiss the Internal Revenue Service and Revenue Agent Timothy

3

O'Boyle from this proceeding because a petition to quash summons proceedings seek relief against the United States.

In his reply in support of his motion to quash, Hunkler argues that the IRS has not complied with the Internal Revenue Code in order to make a *Powell prima facie* case. According to Hunkler, the IRS failed to periodically provide him with a record of persons contacted by the Secretary with respect to the determination of his tax liability. Hunkler maintains that his failure to request such a list does not obviate the IRS's clear duty under 26 U.S.C. § 7602(c)(2). Hunkler also maintains that he properly served his petition on the Huntington National Bank. Plaintiff further argues that Revenue Agent O'Boyle is a proper party to this case because he failed to follow IRS procedures in the issuance of the summon which is the cause of these proceedings.

In its sur-reply, the United States maintains that petitioner has misinterpreted the plain language of 26 U.S.C. § 7602(c)(2) and seeks to place a greater burden on the IRS with respect to third party summons than what is plainly required by the Internal Revenue Code. By his own admission, Hunkler has never requested such a list from the IRS and that the IRS has informed him of every summons at issue in this and related cases. According to the United States, the IRS clearly followed the statutory guidelines in issuing the summons to Huntington National Bank, and it has met its burden of providing appropriate notice to the petitioner as set forth in Revenue Agent O'Boyle's declaration.

Discussion. The Secretary of the Treasury is authorized to issue administrative summonses for the examination of books and records and to take the testimony of persons under oath to ascertain "the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." 26 U.S.C. § 7602(a). Under specified conditions, a person identified in an IRS summons has the right to begin a proceeding to quash such summons. 26 U.S.C.A. § 7609(b)(2)(A).

As the person (other than the person summoned) identified in the notice of the summons, Hunkler was entitled to notice "within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). On November 6, 2013, Revenue Agent O'Boyle sent a copy of the summons issued to Huntington National Bank to petitioner via certified mail. *See* doc. 6-3. Although petitioner asserts that the notice was not timely, he does not provide any basis for this assertion.

Petitioner has failed to meet his burden of proof to demonstrate that the enforcement of the summons would be an abuse of the court's process. The notice was timely filed under 26 U.S.C. § 7609(a)(1). Petitioner was provided with notice that third parties would be contacted when Revenue Agent O'Boyle mailed him Letter 3164-C Publication 1 and Notice 609 on January 28, 2013. Petitioner has not produced any

5

evidence showing that a referral for criminal prosecution to the Department of Justice is pending for the 2008 and 2010 income tax years. Plaintiff specifically relies on section 7602(c) of Title 26 of the United States Code, which states:

> Notice of contact of third parties.--
> (1) General notice.--An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
>
> (2) Notice of specific contacts.--The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.

26 U.S.C. § 7602(c). Petitioner's reliance on Section 7602(c)(2) is also without merit. As previously noted, plaintiff received notice with respect to the summons issued to Huntington National Bank. Petitioner acknowledges that he has never requested notice pursuant to Section 7602(c)(2). Any failure by the United States to provide a record of persons contacted does not demonstrate that the United States failed to follow the proper procedures in the issuance of the summon which is the cause of these proceedings.

<u>Conclusion</u>. For the reasons stated above, the Magistrate Judge RECOMMENDS that petitioner Dennis J. Hunkler's November 19, 2013 petition to quash the Internal Revenue Service's third party summons (doc. 1) be DENIED.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/Mark R. Abel
United States Magistrate Judge
